IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HOLLY MILLS PLAINTIFF

vs. Civil No. 6:26-cv-06008

FRANK BISIGNANO DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Holly Mills, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, District Judge, referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

## 1. Background

Plaintiff filed her disability applications on February 20, 2023. (Tr. 72).[1] Plaintiff alleged disability due to vision issues, rheumatoid arthritis, neuropathy, and fibromyalgia. (Tr. 336). Plaintiff's applications were denied initially and again upon reconsideration. (Tr. 72).

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 168-242). A hearing was held on January 6, 2025. (Tr. 91-109). At this hearing, Plaintiff was present and represented by counsel, Jason Baril. *Id.* Plaintiff and Vocational Expert, ("VE") Dianne Smith testified at this hearing. *Id.*

On February 13, 2025, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability applications. (Tr. 72-83). In this decision, the ALJ determined the Plaintiff last met the insured status requirements of the Act on June 30, 2028. (Tr. 74, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 14, 2023. (Tr. 74, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: fibromyalgia and degenerative joint disease. (Tr. 75, Finding 3). The ALJ then determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 76, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 77-82, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform light work except she can occasionally stoop, kneel, crouch, and crawl and can occasionally work overhead with the bilateral upper extremities. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 82, Finding 6). The ALJ determined Plaintiff was capable of performing her PRW as a receptionist, sewing machine

operator and cashier. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled from February 14, 2023, through the date of this decision. (Tr. 83, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 1-11). The Appeals Council denied this request. *Id.* On February 2, 2026, Plaintiff filed a Complaint in this case. ECF No. 2. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This matter is now ripe for consideration.

**2. <u>Applicable Law</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

## 3. **Discussion**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in the RFC determination, (2) the Appeals Council erred in failing to consider new material evidence, and (3) the ALJ erred at Step 3. *Id.* Upon review, the Court finds the Appeals Council erred in failing to consider new material evidence. Accordingly, the Court will only address this issue for reversal.

The Appeals Council must review the ALJ's decision if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). "Whether [additional evidence submitted to the Appeals Council] is new, material and related to the relevant period is a question of law reviewed *de novo*." *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

The Appeals Council did not consider Plaintiff's additional evidence because it determined the additional evidence was not related to the period at issue. (Tr. 2). The Court disagrees. The additional evidence consisted of an October 20, 2025, medical assessment from Dr. Neeraj Bharany (Tr. 12-13); treatment records from Spa City Pain Management dated March 12, 2025 to August 13, 2025 (Tr. 52-68); and a July 24, 2005 cervical and lumbar MRI report from Touchstone Imaging Hot Springs. (Tr. 35-38). These records describe events and clinical findings which include observations of Plaintiff's functioning and clinical observations that are related to the alleged onset date. Plaintiff had documented cervical and lumbar pain, along with degenerative disc and joint disease which these records address.

Evidence is new when it is "more than merely cumulative of other evidence in the record" and material when it is "relevant to [the] claimant's condition for the time period for which benefits were denied." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000). The exact timing of the additional evidence "is not dispositive of whether evidence is material." *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990). These records at issue are new, material, and relate to the period on or before the ALJ's decision date. As such, it was error for the Appeals Council to decline to consider these opinions.

**4. Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 10th day of September 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE